Elizabeth **COLLINS,**

v.

**SECRETARY OF VETERANS AFFAIRS, et al.**

**Civil Action No. 01–4796.**

United States District Court, E.D. Pennsylvania.

May 29, 2003.

Elizabeth Collins, Philadelphia, PA, pro se.

Patricia D. Gugin, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for Defendant.

### MEMORANDUM

BAYLSON, District Judge.

Elizabeth Collins (herein "Plaintiff"), a former food services employee of the Veterans Affairs Medical Center ("VAMC") in Philadelphia, has filed this *pro se* civil action against the Secretary of Veterans Affairs and the VA Medical Center ("Defendants"). Plaintiff, who was discharged from the VAMC in April 1999, appealed that discharge to the Merit Systems Protection Board ("MSPB"), but soon thereafter reached a settlement with the Department of Veterans Affairs ("the Department"). As the following review of the history of this case will show, Plaintiff has never set forth a viable legal theory of recover. Plaintiff asserts that she brings the present action to recover for "severe emotional and physical problems," which she claims were caused by the VAMC's actions "violating the Laws that protect [her]," in connection with her termination. Complaint ¶ 4.

Presently before this Court is Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In deciding Defendants' motion, this Court will construe Plaintiff's submissions liberally. Also, because Defendants' motion includes matters outside the plead-

ings, it will be treated as a Motion for Summary Judgment, pursuant to Rule 56. For the reasons which follow, Defendants' Motion will be granted.

## I. Background and Procedural History

### A. *MSPB Proceedings and Application for Disability Retirement*

Plaintiff was terminated from the VAMC on April 12, 1999, due to unauthorized absence, failure to return to work, failure to follow the instructions of a supervisor and failure to follow leave procedures. Motion to Dismiss, Ex. A. ¶ 2 (Affidavit of John Libonati), Ex. 1. Plaintiff appealed her dismissal to the MSPB, but, before any hearing could be held, on July 7, 1999, Plaintiff entered into a Settlement Agreement with the Department of Veterans Affairs. *Id.,* Ex. A ¶ 3, Ex. 5–A. Plaintiff's counsel was present at the time of the agreement, as was an Administrative Judge. *Id.,* Ex. A ¶ 3, Ex. 5–A. Plaintiff signed the Agreement, as did her counsel. *Id.,* Ex. 5–A.

Pursuant to the Settlement Agreement, Plaintiff agreed to submit her resignation within 15 days of the Settlement Agreement, and the Department agreed that, if Plaintiff wished to file an application for disability retirement with the Office of Personnel Management ("OPM"), within 60 days, the Department would assist her in filing such application. *Id.* The Agreement also provided that "the effective date of resignation is April 12, 1999." *Id.* Based on the parties' Agreement, the Administrative Judge entered an Initial Decision dismissing Plaintiff's MSPB appeal on July 22, 1999. *Id.*

Plaintiff failed to submit her resignation, as agreed in the Settlement Agreement. Accordingly, on September· 7, 1999, the Department filed a Petition for Enforcement with the MSPB. *See* Motion to Dismiss, Ex. A ¶ 5. The Department informed the MSPB that it had processed Plaintiff's

resignation by way of the Settlement Agreement, thereby setting April 12, 1999 as the effective date of resignation. *Id.,* Ex. 13. On November 24, 1999, the Administrative Judge issued a Recommendation to the full MSPB, finding that because Plaintiff had not resigned from the VAMC, she was in noncompliance with the Agreement. *Id.,* Ex. 9.

Plaintiff never appealed the Administrative Judge's Initial Decision; nor did she appeal his Recommendation, though the Administrative Judge specifically advised Plaintiff on how to do so. *Id.,* Ex. 13. On May 2, 2000, the MSPB issued its final Order, dismissing the Department's Petition for Enforcement as moot, inasmuch as the Department had already processed Plaintiff's resignation by way of the Settlement Agreement. *Id.* In its Order, the MSPB specifically informed Plaintiff that, in the event she wished to appeal the MSPB's decision, such appeal had to be filed with the United States Court of Appeals for the Federal Circuit within 60 days. *Id.*

Thereafter, Plaintiff applied to the Office of Personnel Management for disability retirement, but her application was disapproved. In a March 19, 2001 letter to Plaintiff, the OPM informed Plaintiff that she was "not disabled within the meaning of retirement law," and that she had failed to meet her burden of demonstrating eligibility for disability retirement. *Id.,* Ex. 14. On November 6, 2001, upon Plaintiff's request, the OPM reconsidered its decision, and again determined that she was not eligible for disability retirement. *Id.,* Ex. 15. The OPM specifically informed Plaintiff that if she wished to appeal the OPM's decision, she had to file such appeal with the MSPB within 30 days. *Id.*

### B. *Proceedings in this Civil Action*

Plaintiff filed her Complaint on September 28, 2001. Though the Complaint itself

amounts to only one page, Plaintiff attached numerous documents pertaining to her dismissal from the VAMC. Although Plaintiff's Complaint does not articulate a specific cause of action grounded in federal law, she alleges that the VAMC "violat[ed] the Laws that protect [her]," with respect to Plaintiff's termination, causing her to suffer "severe emotional and physical problems." Complaint ¶ 4. Many statements contained in the Complaint are simply unintelligible.

Defendants filed an Answer on December 14, 2001, and, subsequently, on October 15, 2002, filed the present Motion to Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6).[1] On December 12, 2002, the Court ordered that Plaintiff must file a response to Defendants' motion by January 31, 2003. On January 24, 2003, however, Plaintiff filed a document captioned as an Amended Complaint, rather than a response to the Motion to Dismiss. On February 4, 2003, this Court ordered that the Amended Complaint must be stricken because Defendants had already filed an Answer to the Complaint, and, pursuant to Fed.R.Civ.P. 15(a), Plaintiff may not file an Amended Complaint without leave of Court.[2] This Court extended the time for Plaintiff to respond to the Motion to Dismiss until February 21, 2003. Further, because the Motion to Dismiss included materials outside the pleadings, this Court ordered that the motion would be considered a Motion for Summary Judgment pursuant to Rule 56.

On February 21, 2003, Plaintiff filed an answer to the Motion to Dismiss. This response failed to, in any way, address

Defendants' legal arguments and factual submissions. Accordingly, on March 11, 2003, this Court once again extended the time in which Plaintiff could respond to the motion, until April 10, 2003. The Court specifically ordered that Plaintiff's response would be "accompanied by any evidence that is pertinent under Rule 56."

On April 11, 2003, Plaintiff filed a one-inch thick stack of papers, labeled as Exhibits 1 through 7. Though these documents seemingly are related to Plaintiff's employment with the VAMC, and her subsequent grievance against the Department, Plaintiff did not submit a brief to explain what the documents submitted were specifically intended to prove. Accordingly, this Court, on April 22, 2003, ordered that Plaintiff must file, within twenty days, a Memorandum in Opposition to Defendants' Motion for Summary Judgment, as required by Local Rule of Civil Procedure 7.1(c). The Court specifically ordered that Plaintiff's Memorandum "shall be formatted in numbered paragraphs, shall include references to particular exhibits, and page numbers therein, and shall plainly set forth, as required by Fed.R.Civ.P. 56, specific facts showing that there is a genuine issue for trial, as well as Plaintiff's arguments disputing any facts or legal contentions asserted by Defendants."

However, Plaintiff never submitted the required brief, and has filed nothing in this Court since filing the stack of documents on April 11, 2003. Although Plaintiff has failed to comply with this Court's specific Order, because Plaintiff is proceeding *pro se*, this Court will review Defendants' motion carefully, and construe Plaintiff's sub-

---

1. Plaintiff had moved for appointment of an attorney, and, on October 16, 2002, the Court ordered that this matter be referred to this district's voluntary Plaintiff's Employment Attorney Panel Program, and this procedure was explained to Plaintiff at a hearing on October 21, 2002. However, after three panel attorneys rejected Plaintiff's case, the Court advised Plaintiff at a hearing on December 20, 2002, that the motion for appointment of an attorney could not be granted.

2. Plaintiff has never filed a Motion for Leave to Amend her Complaint.

missions liberally, in deciding the present motion.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b) provides that

> If, on a motion asserting the defense numbered [12(b)](6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented* to and not excluded by the court, the motion *shall be treated as one for summary judgment and disposed of as provided in Rule 56*, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b) (emphasis added). Summary judgment shall be granted when the Court determines that there remains "no genuine issue as to any material fact" for trial. Fed.R.Civ.P. 56(c). An issue is "genuine," under Rule 56(c), if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

## III. Discussion

As noted above, Plaintiff's legal theory of recovery is not entirely clear. Nevertheless, to be entirely fair to this *pro se* Plaintiff, this Court will consider various alternative grounds upon which she could be attempting to obtain recovery from Defendants.

### A. Appeal from the VAMC's Termination and the MSPB Proceedings

■ If this Court construes Plaintiff's ambiguous Complaint as an attempt to appeal either from her termination or from the subsequent MSPB proceedings, such appeal to this Court must fail for lack of subject matter jurisdiction. The relevant statute, pertaining to judicial review of decisions of the Merit Systems Protection Board, provides that

> a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.

5 U.S.C. § 7703(b)(1). The Federal Circuit will dismiss an appeal from the MSPB

that is not timely filed. *Pinat v. OPM,* 931 F.2d 1544, 1546 (Fed.Cir.1991). Moreover, the Federal Circuit has exclusive jurisdiction over appeals from the MSPB, with a few narrow exceptions. 28 U.S.C. § 1295(a)(9). The Federal Circuit does not have exclusive jurisdiction over several types of claims pertaining to workplace "discrimination." 5 U.S.C. § 7703(b)(2). Accordingly, if a former federal employee does not allege that the adverse action resulted from unlawful discrimination, the employee may only pursue review of the MSPB's final decision through the Federal Circuit—not a United States District Court. *Bailey v. Principi,* No. Civ.A. 02–942, 2003 WL 21027250 at *3 (E.D. Pa. April 30, 2003)2003 U.S. Dist. LEXIS 7680, at *9.

■ Plaintiff never raised·a discrimination claim (or any claim) before the Equal Employment Opportunity Commission ("EEOC"), as is generally required before a former federal employee may bring a claim of discrimination in federal court. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. GSA,* 425 U.S. 820, 828, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). *See also Robinson v. Dalton,* 107 F.3d 1018, 1020–21 (3d Cir.1997) (stating that Title VII "establishes the exclusive remedy for federal employees who allege discrimination in the workplace"). An individual claiming discrimination in violation of Title VII must file a charge with the EEOC prior to bringing suit in federal court. 42 U.S.C. § 2000e–5. *See, e.g., Churchill v. Star Enterp.,* 183 F.3d 184, 191 (3d Cir.1999); *Ivory v. Radio One, Inc.,* 2002 WL 501489, at *2 n. 1 (E.D. Pa. April 3, 2002)2002 U.S. Dist.

LEXIS 5672, *5 n. 1; *Fugarino v. University Servs.,* 123 F.Supp.2d 838, 841 (E.D.Pa.2000) ("In general, an employee must exhaust all applicable administrative remedies by filing a charge of discrimination with the EEOC before he may file suit under Title VII."). Where, as here, the former federal employee has *never* filed a claim with the EEOC alleging discrimination, the complaint must be dismissed for failure to exhaust administrative remedies. *Washington v. Department of Vet. Aff.,* No. Civ.A. 98–606, 1998 WL 754464, at *2 (E.D.Pa. Oct.28, 1998). Accordingly, assuming that Plaintiff intends to make out a discrimination claim, this Court has no jurisdiction to hear such a claim in the present case.

. Nor can Plaintiff sustain a cause of action under the Americans with Disabilities Act ("ADA"), even if this Court were to read such a claim into the present *pro se* Complaint.[3] It is well settled that claims under the ADA, brought against a former federal employer, must first be brought before the EEOC, in order to exhaust administrative remedies. *Churchill,* 183 F.3d at 191. Plaintiff has not fulfilled that critical requirement.

In sum, because Plaintiff never appealed to the Federal Circuit from the MSPB's final decision, and because Plaintiff never filed a claim with the EEOC based on a claim of discrimination, she is precluded from bringing her grievance in this Court.

**B. *Appeal of the OPM's Decision to Deny Disability Retirement***

■ Similarly, if this Court construes Plaintiff's Complaint as an attempt to appeal from the OPM's November 6, 2001 decision to deny disability retirement, such appeal to this Court must also fail for lack

---

3. In her one-page Complaint, Plaintiff wrote "In 1998. they [*sic*] violated ADA regulations by using unlawful 'absence without leave',

charges to eventually use the Merit Systems Protection Board to acquire my dismissal." Complaint ¶ 3.

of subject matter jurisdiction. If Plaintiff had sought to appeal the OPM's decision, she would have been required to file such appeal with the MSPB, in order to exhaust her administrative remedies. 5 U.S.C. §§ 7701(a), 8347(c) and 8347(d)(1). *See also Lindahl v. OPM,* 470 U.S. 768, 771, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Walton v. Cieslicki,* No. Civ. A. 93–6901, 1994 WL 62954, at *2 (S.D.N.Y. Feb.18, 1994) (holding that decisions of OPM are "final and conclusive" except to extent they are reviewed by MSPB, and then appealed to Federal Circuit). Plaintiff filed no such appeal to the MSPB following the OPM's denial of disability retirement, and has, thus, failed to exhaust her administrative remedies. Accordingly, this Court is without jurisdiction to hear an appeal from the OPM's denial of retirement benefits.

In sum, Defendants have met their burden of demonstrating the absence of any genuine issue of material fact for trial, and Plaintiff has failed to set forth specific facts showing that there is any issue of fact to be decided. Fed.R.Civ.P. 56(e). Specifically, Plaintiff has submitted no evidence whatsoever to demonstrate that she has properly exhausted her administrative remedies. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

### C. *Futility of Plaintiff's Amended Complaint*

 Cognizant of Plaintiff's *pro se* status, this Court has reviewed the Amended Complaint submitted by Plaintiff (improperly) on January 24, 2003. This Court concludes that, even if Plaintiff had properly requested, and been granted, leave to file such Amended Complaint, per Fed.R.Civ.P. 15(a), the proposed amended pleading would be futile. Leave to amend should be denied when the amendment would be futile, that is, when the amendment does not state a claim for relief.

*Kirkhuff v. Lincoln Technical Institute, Inc.,* 221 F.Supp.2d 572, 575 (E.D.Pa.2002).

In this instance, the Amended Complaint Plaintiff sought to file would add violations of 42 U.S.C. § 1983. Section 1983 creates a cause of action against "[e]very person who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Section 1983 is not applicable to federal agencies and officers, such as Defendants in this case, acting in the normal course of events pursuant to federal law. *Hindes v. F.D.I.C.,* 137 F.3d 148, 158 (3d Cir.1998). Accordingly, the proposed Amended Complaint would be futile.

### IV. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss will be granted. An appropriate Order follows.

### *ORDER*

AND NOW, this 29th day of May, 2003, it is hereby ORDERED that the Defendants' Motion to Dismiss is GRANTED and the Plaintiff's Complaint is DISMISSED, with prejudice.